UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
NEGUS THOMAS,                         :
       Petitioner,                    :
                                      :              PRISONER
    v.                                :   Case No.  3:13-cv-1001 (JBA)
                                      :
ERIC H. HOLDER, JR.,                  :
       Respondent.                    :
```

ORDER

The petitioner currently is confined in the United States Penitentiary Hazelwood in Bruceton Mills, West Virginia.  He challenges his federal conviction by a petition filed pursuant to 28 U.S.C. § 2241.

A petition filed pursuant to section 2241 is used to challenge "the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)).  A challenge to the underlying conviction is filed pursuant to 28 U.S.C. § 2255,

1

which "channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241. See id. at 373.

The petitioner argues that the district court lacked jurisdiction to entertain his criminal prosecution. Because the petitioner is challenging his conviction, his petition should be filed pursuant to section 2255, not section 2241. Although the petitioner filed his petition in the correct district court, he filed pursuant to the wrong statute.

A review of the criminal docket reveals that the petitioner has not filed a section 2255 motion. The Second Circuit has held that when a petitioner has never filed a section 2255 motion, the district court may not simply construe a petition for writ of habeas corpus brought pursuant to section 2241 as a section 2255 motion without providing notice to the petitioner. See Adams v. United States, 155 F.3d 582, 583-84 (2d Cir. 1998). The court must permit the petitioner to either: (1) agree to the recharacterization of his petition or (2) withdraw the petition. See id. at 584. See Castro v. United States, 540 U.S. 375, 383

(2003) (agreeing with circuits that have adopted this warning procedure before characterizing a section 2241 petition as a first section 2255 motion).

If the petitioner wishes this court to transfer the case to the sentencing judge and have that judge consider his claims under 28 U.S.C. § 2255, he should complete the enclosed section 2255 form including all challenges to his conviction and return it to the court with a motion to have the petition recharacterized.[1]  The Clerk is directed to send the petitioner a section 2255 form with this order.  The petition and motion to recharacterize shall be filed by August 16, 2013.  The petitioner also may withdraw the petition.  If the petitioner fails to comply with this order, the petition will be dismissed.

**SO ORDERED** this 23rd day of July 2013, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge

---

[1] The court notes that 28 U.S.C. § 2255 contains a one year statute of limitations.  The petitioner's conviction became final more than one year ago.  See USA v. Thomas, et al., No. 3:02-cr-72 (AWT).  Accordingly, the petitioner should include in any petition an explanation why the limitations period should be equitably tolled.